**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
THE PENN MUTUAL LIFE INSURANCE
COMPANY,

                       Plaintiff,             **DECISION
                                                                <u>AND  ORDER</u>**
        - against -

                                                                CV 07-3188(AKT)

ADAM MADOW, ANDREW MARVEL
& PHYLLIS SACHS,

                       Defendants.
-----------------------------------------------------------X

ANDREW MARVEL, individually, PHYLLIS
SACHS, individually and as preliminary
executrix of THE ESTATE OF MARCIA
MARVEL,

                       Third-Party Plaintiffs,

        - against -

ROBERT MADOW & R. MADOW &
SONS, INC.,

                       Third-Party Defendants.
-----------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendant Adam Madow moves the Court for an order granting summary judgment on the Complaint and dismissing the cross-claims asserted by Andrew Marvel and Phyllis Sachs. Defendant Adam Madow also seeks an order directing Plaintiff to pay the proceeds of the annuity contracts which are the subject of this action to Defendant Adam Madow. Third-Party Defendants Robert Madow and R. Madow & Sons, Inc. move the Court for an order granting summary judgment on the third-party action. Plaintiff has taken no position on the motion for

summary judgment. Defendants Andrew Marvel and Phyllis Sachs oppose the motion for summary judgment on the grounds that it is premature.

Further, Defendants Andrew Marvel and Phyllis Sachs ("Marvel and Sachs") separately requested permission to file an Amended Answer with Counterclaims and an Amended Third-Party Complaint. [DE 48] Defendant Adam Madow and Third-Party Defendants Robert Madow and R. Madow & Sons (the "Madow Parties") oppose that request on the basis of futility. The Madow Parties contend that the pending summary judgment motion renders the amendment futile.

For the reasons set forth below, the Madow Parties' motion for summary judgment is DENIED, in its entirety, and the motion by Marvel and Sachs to file an Amended Answer with Counterclaims and an Amended Third-Party Complaint is GRANTED.

## I. BACKGROUND

Plaintiff Penn Mutual Life Insurance Company ("Penn Mutual") brought this interpleader action against Adam Madow, Andrew M. Marvel and Phyllis Sachs for a determination by the Court with respect to the proceeds of an annuity contract issued to Marcia Marvel ("Decedent") in 2004. The death benefit of the contract's proceeds as of the date of the Decedent's death on June 28, 2007 was approximately $119,000.

At the time the contracts were issued, Andrew Marvel and Phyllis Sachs were designated as revocable beneficiaries of the contracts. In April 2007, the Decedent submitted a change in beneficiary form, naming Robert Madow as the beneficiary. Penn Mutual rejected that change in beneficiary because Robert Madow was an insurance sales agent for Penn Mutual. On June 8, 2007, the Decedent signed a new change in beneficiary form naming Adam Madow as the sole

beneficiary under the contract. Adam Madow is the son of Robert Madow. Adam Madow, Andrew Marvel and Phyllis Sachs have each submitted a claim for the proceeds of the annuity contract. Andrew Marvel is the stepson of the Decedent and Phyllis Sachs is a first cousin of the Decedent.

Andrew Marvel and Phyllis Sachs have counterclaimed for negligence, negligent supervision, tortious interference with contract, breach of fiduciary duty, fraud and imposition of a constructive trust. The Marvel and Sachs also asserted claims in a Third-Party Complaint against Robert Madow and R. Madow & Sons, Inc. These two Third-Party Defendants are charged with tortious interference with contract, breach of fiduciary duty, fraud, undue influence and imposition of a constructive trust. Marvel and Sachs contend that Robert Madow submitted fraudulent change in beneficiary forms, first trying to name himself as beneficiary and then changing the beneficiary on the annuities to his son, Adam Madow. The Madow Parties deny all claims asserted against them

### A. Summary Judgment Motion

The Madow Parties contend that summary judgment is appropriate here because Marvel and Sachs are "incapable of producing evidence to sustain their claims, whereas the Madow Parties have put forth evidence that there were no improper actions in the designation of Adam Madow as a beneficiary of the deceased's annuities." It is the Madow Parties' contention, that in order for Marvel and Sachs "to maintain a viable claim, they must do more than assert allegations; they must set forth evidence, in rebuttal to the evidence by [the Madow Parties], which they are not capable of doing."

In response, Marvel and Sachs contend that genuine issues warranting a trial exist and that, in any event, discovery has not yet started. Marvel and Sachs argue that "the filing of this motion for summary judgment . . . is nothing more than a bad faith attempt to obtain a favorable judgment while circumventing – or at least short-circuiting – the discovery process." Marvel and Sachs seek the imposition of costs in the event the Court denies the Madow Parties' motion for summary judgment. On November 21, 2008, Marvel and Sachs submitted a letter motion, requesting permission to file supplemental evidence in support of their opposition to Madow Parties' motion for summary judgment and attaching recently obtained medical records containing comments and/or observations of the Decedent. [DE 66] The Madow Parties have opposed that motion. [DE 67] These additional medical records are not essential to my decision on the motion for summary judgment at this juncture. Therefore, I am DENYING, without prejudice, Marvel and Sachs' motion to supplement the record.

In their reply, the Madow Parties argue that Marvel and Sachs have failed to comply with the requirements of Federal Rule of Civil Procedure 56(f) with respect to their request for additional discovery and have failed to raise any genuine issue of material fact in their opposition to the motion with regard to the claim of undue influence.

**B.     Motion to File Amended Answer
         With Counterclaims and Amended
         Third-party Complaint**

Marvel and Sachs have sought permission to file an Amended Answer with Counterclaims and cross-claims and as well as an Amended Third-Party Complaint. According to Marvel and Sachs "all of the claims contained in both the proposed amended answer and proposed amended third-party complaint are identical to the claims contained in the original

pleadings, with the exception of the fourth claim for conversion contained in the proposed amended third-party complaint." Affirmation of Daniel Cahn ¶ 8.

The Madow Parties' only opposition to the motion to amend is that the proposed amendment is futile in light of the Madow Parties' motion for summary judgment. [DE 49]

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion for summary judgment, the Court is guided by the tenets set forth in Rule 56(c) which provides as follows:

> . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

Fed. R. Civ. P. 56 (c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006); *Gray v. Lutheran Social Services of Metropolitan New York, Inc.*, No. 04-cv-2843, 2006 WL 1982859, at * 3 (E.D.N.Y. July 13, 2006). The moving party bears the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In addition, to determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party. *Id*. at 157; *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997); *Brown v. Parkchester South Condominiums, Inc*., No. 00-cv-7235, 2006 WL 851789, at *5 (S.D.N.Y. Mar. 31, 2006).

"Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor."

*Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 259 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend "shall be freely given when justice so requires" and such leave is in the Court's discretion. *See* Fed. R. Civ. P. 15(a); *Grace v. Rosenstock*, 288 F.3d 40, 56 (2d Cir. 2000).

Notwithstanding the foregoing principle, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *SCS Commc'n, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) (under Rule 15(a), "leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent.") (emphasis in original). "The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 502-03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal,*

6

*Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-8 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

  B. **Summary Judgment**

  The Madow Parties move the Court for an order granting summary judgment on the Complaint and dismissing the cross-claims asserted by Andrew Marvel and Phyllis Sachs. Defendant Adam Madow also seeks an order directing Plaintiff to pay the proceeds of the annuity contracts which are the subject of this action to Defendant Adam Madow. Third-Party Defendants Robert Madow and R. Madow & Sons, Inc. move the Court for an order granting summary judgment on the third-party action. The Madow Parties argue that summary judgment is appropriate despite the fact that no discovery has taken place because "the claimants Marvel and Sachs are incapable of producing any evidence to sustain their claims, whereas the moving parties have set forth evidence that there were no improper actions in the designation of Adam Madow as a beneficiary of the deceased annuity." Madow Parties Mem. of Law at 2.

  Marvel and Sachs devote a significant portion of their opposition arguing that summary judgment is premature because no depositions have been taken and only initial disclosures have been exchanged. The Madow Parties argue that Marvel and Sachs have failed to comply with Rule 56(f) with regard to additional discovery and the motion for summary judgment should be granted on that basis.

  "Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to

7

be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001). Rule 56(f) permits additional discovery where necessary to gather additional facts "essential to justify the party's opposition" to a summary judgment motion, if the movant "file[s] an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004).

It is significant to note that "only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Trammell v. Keane,* 338 F.3d 155, 161 n. 2 (2d Cir. 2003); *accord Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 301-07 (2d Cir. 2003) (holding that grant of defendants' summary judgment motion was "premature" where district court denied Rule 56(f) relief and did not afford plaintiff "any opportunity" to conduct discovery to oppose defendants' motion); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989) ("Under Rule 56(f), summary judgment may be inappropriate where the party opposing it shows . . . that he cannot at the time present facts essential to justify his opposition. The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.") (internal quotations and citations omitted).

"There is a critical distinction . . . between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct *additional* discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to *commence* discovery with respect to [the non-movant's] claims . . .." *Crystalline H2O, Inc. v. Orminski,* 105 F. Supp. 2d 3, 6-7 (N.D.N.Y. 2000) (emphasis in original); *see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 301-07 (2d Cir. 2003) (decision of motion for summary judgment should be deferred until after parties have conducted discovery); *Seven Corners Shopping Center Falls Church v. Chesapeake Enterprises USA,* No. 07-CV-6332, 2008 WL 1766617 (W.D.N.Y. Apr. 14, 2008) (denying summary judgment as premature where defendant did not have an opportunity to conduct discovery prior to the filing of the motion); *Reed v. Staniero*, No. 06-CV-3496, 2007 WL 3430935, at *7 (D.N.J. Nov. 13, 2007) (gathering cases recognizing the distinction between a request for additional discovery and the request to conduct discovery and applying more lenient standard in the latter situation).

Here, no depositions have been taken to test the veracity of the affidavits submitted by either side. In particular, no facts have been adduced to shed light on the contested circumstances whereby a financial advisor submits a change of beneficiary form a month before the Decedent's death – first attempting to name himself as beneficiary and then naming his son. The material questions raised by the parties' submissions are sufficient to justify further discovery before considering summary judgment.

The Court having reviewed the parties' Rule 56.1 Statements, finds portions of the Madow Parties' Statement to be not only problematic, but inappropriate under the provisions of Rule 56. One series of paragraphs set forth here are particularly troublesome.

9

11. There was no fraud [please see Exhibit O].

12. There was no undue influence [please see Exhibit O].

13. There was coercion [sic] [please see Exhibit O].

14. There was no conspiracy [please see Exhibit O].

15. There were no false statements [please see Exhibit O].

Madow Parties' Statement pursuant to Rule 56.1. These assertions are unmistakably conclusions of law, not statements of disputed facts, and consequently do not belong in a Rule 56.1 Statement.

The Madow Parties rely heavily on *Halvorsen v. Sheive,* No. 02-CV-6187, 2004 WL 627939 (W.D.N.Y. Feb. 10, 2004) in support of their request for summary judgment. This reliance is misplaced. The court in *Halvorsen* noted that

> In order to establish a claim of undue influence, plaintiff must show: (1) the existence and exertion of an influence; (2) the effective operation of such influence as to subvert the mind of the testatrix at the time of the execution of the will; and (3) the execution of a will that, but for undue influence, would not have been executed. The three essential elements are motive, opportunity and the exercise of the influence.

*Halvorsen,* 2004 WL 627939, at *8 (citing *In re Estate of Bacon,* 645 N.Y.S.2d 1016, 1019 (N.Y. Sur. Ct. 1996); *In re Will of Walther,* 159 N.E.2d 665 (N.Y. 1959); *In re Estate of Gearin,* 517 N.Y.S.2d 339 (App.Div. 1987)). Each of the parties in *Halvorsen*, as well as several non-parties, had been deposed. In addition, the Defendant in *Halvorsen* lived thousands of miles away from the decedent, the broker (an uninterested and testifying witness) testified that the decedent had come to his office to make the beneficiary changes, and there was no indication that the decedent suffered from a diminished mental capacity. Here, none of the interested parties has

been deposed.  The Decedent's wishes have not been explored, the issue of the missing envelope has not been examined and no testimony has been received regarding the Decedent's mental capacity.  Moreover, the evidence submitted by the parties in connection with summary judgment is contradictory – i.e., the hospital report indicates Decedent was confused and disoriented while Penn Mutual's representative indicates that Decendent answered questions coherently. At this juncture, there are obvious issues of fact which preclude the granting of summary judgment.

Accordingly, the Madow Parties' motion for summary judgment is DENIED.

### B. Motion To Amend

There has been no assertion or showing of undue delay, bad faith, or dilatory motive on the part of Marvel and Sachs in bringing this motion.  In fact, the Madow Parties' only opposition to the amendment as proposed is that amendment would be futile in light of the pending summary judgment.  Because the motion for summary judgment is denied, Marvel and Sachs' motion for permission to file an Amended Answer with Counterclaims and cross-claims as well as an Amended Third-Party Complaint is GRANTED.

### III. CONCLUSION

For the reasons set forth above, the Madow Parties' motion for summary judgment is DENIED in all respects.  Marvel and Sachs' motion to file supplemental evidence in opposition to summary judgment is DENIED, without prejudice.  However, the motion brought by Marvel and Sachs to file an Amended Answer with Counterclaims and cross-claims as well as an Amended Third-Party Complaint is GRANTED.  A telephone conference is hereby scheduled for April 24, 2009 at 10:30 a.m. to discuss entry of an Amended Case Management and Scheduling Order. Counsel for Plaintiff shall initiate the call.

**SO ORDERED.**

Dated: Central Islip, New York
March 26, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge